**UNITED STATES of America,**

v.

**Steven RUSH, Defendant.**

**No. 04 CR 729 ADS ARL.**

United States District Court,
E.D. New York.

Jan. 19, 2005.

Roslynn R. Mauskopf, United States Attorney Eastern District of New York, Central Islip, NY, By: Peter Katz, Assistant U.S. Attorney.

Gary Schoer, Esq., Syosset, NY, Attorney for the Defendant.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves one charge, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2), of unlawful transport of a firearm after having been previously convicted of a felony. Presently before the Court is a motion by Steven Rush ("Defendant") to suppress a shotgun and ammunition that Nassau County police officers found with the Defendant. The Defendant alleges that the police officers did not have probable cause to search, detain, or arrest him. In the alternative, the Defendant requests a hearing to determine whether such items should be suppressed.

### I. BACKGROUND

On May 8, 2004, at approximately 2:30 a.m., the Defendant was inside a public

building located at 174 Westbury Boulevard, Hempstead, New York. According to the Defendant, police officers entered the premises with guns drawn and ordered everyone inside the building to lie on the floor. After ordering the Defendant to the floor, the police searched him and recovered a 12 gauge Mossberg shotgun and shotgun shells from the floor near the Defendant. The police officers then arrested the Defendant. It is alleged by the Defendant that the officers who entered the premises had no probable cause to: (1) believe that particularized criminal activity was occurring at the premises; (2) restrain the liberty of the individuals inside the premises; (3) search the Defendant; and (4) arrest the Defendant.

According to the Government, the police officers were legitimately inside this public building when they observed the Defendant with a large bulge down his side. As the officers watched the Defendant, they observed him remove a shotgun and place it on the ground next to him. The officers approached and recovered the shotgun from the ground where the Defendant had placed it and then arrested him. The Government alleges that the Defendant was not searched until after the recovery of the shotgun and that the Defendant has no standing to challenge the recovery of the shotgun.

## II. DISCUSSION

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. amend. IV; *Kyllo v. U.S.*, 533 U.S. 27, 31, 121 S.Ct. 2038, 2042, 150 L.Ed.2d 94 (2001). An individual challenging a search or seizure must manifest a reasonable expectation of privacy in the location or item searched. *Rakas v. Illinois*, 439 U.S. 128, 134, 99 S.Ct. 421, 425–26 58 L.Ed.2d 387, 394–95 (1978); *United*

*States v. Osorio*, 949 F.2d 38, 40 (2d Cir. 1991). The concept of a reasonable expectation of privacy, also known as standing, requires that a defendant seeking to invoke the exclusionary rule show that the alleged illegal conduct infringed on personal constitutional rights. *U.S. v. Fields*, 113 F.3d 313, 320 (2d Cir.1997).

A defendant has the burden of establishing standing by a preponderance of the evidence. *Osorio*, 949 F.2d at 40. To have standing, it is not enough that a defendant is "legitimately on the premises" where the search occurs. *Rakas*, 439 U.S. at 142–43, 99 S.Ct. 421. "The test to determine whether a person can claim Fourth Amendment protection in a given place depends upon whether the person has a legitimate subjective expectation of privacy in that area that society is prepared to accept as objectively reasonable." *United States v. Barrios–Moriera*, 872 F.2d 12, 14 (2d Cir.1989) (holding that there is no legitimate expectation of privacy in a common hallway); *see also California v. Greenwood*, 486 U.S. 35, 108 S.Ct. 1625, 1628, 100 L.Ed.2d 30 (1988) (holding that there is no legitimate, subjective expectation of privacy in garbage put into plastic bags and placed out on the curb); *Katz v. United States*, 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring). A defendant lacks "standing" when the contact with the searched premises is so attenuated that no expectation of privacy could be considered reasonable. *See Rakas*, 439 U.S. at 137–38, 99 S.Ct. at 427–28. Thus, "[o]ne's privacy interests receive much less protection in public places." *Caldarola v. County of Westchester*, 343 F.3d 570, 575 (2d Cir. 2003).

An evidentiary hearing on a motion to suppress "ordinarily is required if the moving papers are sufficiently definite, specific, and nonconjectural to enable the

court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir.1992) (citations and quotations omitted). A defendant seeking a hearing on a suppression motion bears the burden of showing the existence of disputed issues of material fact. *See id.* at 338. However, a district court is not required to hold an evidentiary hearing if the defendant's "moving papers did not state sufficient facts which, if proven, would have required the granting of the relief requested." *United States v. Culotta*, 413 F.2d 1343, 1345 (2d Cir.1969). Further, a court need not hold an evidentiary hearing when the "defendant's statements are general, conclusory or based on conjecture." *U.S. v. Viscioso*, 711 F.Supp. 740, 745 (S.D.N.Y.1989).

In this case there are no material disputed facts. Therefore, no hearing is required. Both the Defendant and the Government allege that the seizure occurred in a public place and that the shotgun was found on the floor near the Defendant. The only statement that the Defendant provides with regard to his connection to the location is his claim that he was lawfully on the premises. The Defendant has not provided any facts to allege that he had any privacy interest or contact with the premises searched other than the fact that he was lawfully on the premises. Accordingly, the Defendant's contact with the premises is insufficient to create a reasonable expectation of privacy in the location searched.

Moreover, the Defendant admits that the shotgun and ammunition were recovered from the floor and were not concealed. There is no reasonable expectation of privacy in things visible to the naked eye. *Florida v. Riley*, 488 U.S. 445, 450, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989); *California v. Ciraolo*, 476 U.S. 207, 215, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986).

Items exposed to the public are not subject to Fourth Amendment protection and may be seized by the police if there is cause to believe that they may be evidence in a criminal context. *Id.; Arizona v. Hicks*, 480 U.S. 321, 326, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987); *Katz*, 389 U.S. at 351, 88 S.Ct. 507; *United States v. Gori*, 230 F.3d 44, 50 (2d Cir.2000). Therefore, the Court finds that the seizure of the weapon and ammunition from the floor was proper, and not subject to the protections of the Fourth Amendment.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Defendant's motion to suppress is **DENIED** in its entirety without a hearing; and it is further

**ORDERED**, that the parties are directed to select a jury and proceed to trial on February 14, 2005 at 9:30 a.m.

**SO ORDERED**